UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROILAND FERNANDEZ-MEDINA,

Plaintiff,

v.

OLIVAREZ,

Defendants.

CASE NO. 3:20-cv-05703-RAJ-JRC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge J. Richard Creatura. Plaintiff Roiland Fernandez-Medina, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on July 20, 2020. Dkt. 1, 4.

Plaintiff alleges that his constitutional rights were violated when he was assaulted during his arrest and was unlawfully searched. Dkt. 4. Having reviewed and screened plaintiff's complaint (hereinafter "complaint") under 28 U.S.C. § 1915A, the Court declines to serve the complaint because plaintiff has yet to plead sufficient facts to demonstrate that the named defendants personally participated in the alleged use of force. In addition, plaintiff cannot

maintain an action under § 1983 seeking damages for an alleged illegal search and seizure of

evidence upon which criminal charges are based until such criminal charges have been dismissed

or the conviction has been overturned. However, the Court provides plaintiff leave to file an

amended pleading by September 4, 2020, to cure the deficiencies identified herein.

BACKGROUND

In his complaint, plaintiff, who is currently housed at Pierce County Jail, alleges that on

October 15, 2019, he was in a parking lot at the Hotel Murano in Tacoma, Washington

"conducting a basic mechanical diagnostic" on an acquittance's vehicle. Dkt. 4 at 4. While

plaintiff was in the vehicle, he saw an unknown van "smash" into the vehicle. Dkt. 4 at 4-7.

Plaintiff alleges that he saw several men exiting the van. *Id.* at 7. Plaintiff alleges that he feared

for his life and ran away. *Id.* Plaintiff alleges that he was physically tackled and assaulted by

"plain clothes police officers" who took plaintiff into custody. *Id.* Plaintiff alleges that he did not

commit a crime and the officers lacked probable cause to detain, search, and arrest plaintiff. *Id.*

at 8. Plaintiff alleges that he suffered from an ankle injury and was treated for a broken ankle at

the St. Joseph's Hospital in Tacoma, Washington. *Id.* at 8.

Plaintiff names defendant Olivarez, a Pierce County detective, and the Pierce County

Sheriff's Department as the only defendants in this matter. Dkt. 4.  Plaintiff seeks monetary

damages and dismissal of his state court case based on the alleged illegal arrest, search, and

seizure. Dkt. 4 at 14.

DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to

screen complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint does not sufficiently allege these claims, which will result in dismissal of his case if not corrected in an amended complaint.

**A. Use of Excessive Force and Personal Participation**

Plaintiff alleges that defendants used excessive force when he suffered a broken ankle during his arrest. Dkt. 4.

To the extent that plaintiff alleges a due process violation of the Fourteenth Amendment based on his allegations of excessive force, "the Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Multnomah County,* 76 F.3d 1032, 1043 (9th Cir. 1996); *see Graham v. Connor,* 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive

force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard....").

In the Ninth Circuit, courts "analyze all claims of excessive force that arise during or before arrest under the Fourth Amendment's reasonableness standard[.]" *Coles v. Eagle*, 704 F.3d 624, 627 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision in hindsight." *Id*. at 396 (*citing Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001) (citing *Graham*, 490 U.S. at 396). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

To determine whether an officer used excessive force, the nature and quality of the intrusion must be weighed against the countervailing governmental interest in the use of that force. *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001). The Court considers the following factors in its analysis: (1) the severity of the crime or situation to which the officer was responding; (2) whether the plaintiff posed an immediate threat to the safety of the officer or others; (3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by

flight; (4) the amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and (5) the availability of alternative methods to subdue the plaintiff. *Smith v. City of Hemet,* 394 F.3d 689, 701 (9th Cir. 2005); *see Graham,* 490 U.S. at 397. Because the balancing of these factors "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom ... summary judgment [ ] in excessive force cases should be granted sparingly." *Coles*, 704 F.2d at 628.

Here, plaintiff's allegations of excessive force all occurred prior to the time that plaintiff could be considered a pre-trial detainee and should be reviewed under the Fourth Amendment standard.  However, plaintiff does not explain any personal actions by the named defendants to sufficiently allege a Fourth Amendment claim.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the complaint, plaintiff includes a list of the events during which he alleges that his constitutional rights were violated. Dkt. 4. However, none of his allegations explain how defendants Olivarez or the Pierce County Sheriff's Department personally participated in these

alleged constitutional violations. *Leer*, 844 F.2d at 633. Defendant Oliveraz is named as a detective with the Pierce County Sheriff's Department, (Dkt. 4 at 3) but plaintiff does not explain how defendant Oliveraz's actions harmed plaintiff. Plaintiff also fails to allege facts demonstrating defendant Oliveraz was at the scene at the time of the alleged use of force, or in any way participated in the alleged use of force. In addition, plaintiff does not name the "plain clothes police officers" who allegedly assaulted him as defendants in this matter.

Without demonstrating personal participation, plaintiff cannot state a claim for which this Court can grant relief. Insofar as plaintiff is arguing that defendant Oliveraz had supervisory authority over the staff that caused his alleged harm, supervisory liability alone is insufficient to state a claim. *Harris*, 489 U.S. at 385-90. Again, plaintiff must explain how the named defendants personally participated in the alleged constitutional deprivation in order to effectively state a claim for which relief can be granted.

To the extent that plaintiff seeks to bring claims against the Pierce County Sheriff's Department, local government entities can be held liable under § 1983 if the allegedly unconstitutional actions of its employees are alleged to have been taken pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Alternatively, local government entities also can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels. *Id.* at 690-91. But a local government entity cannot be held liable under § 1983 simply because it employs someone who has allegedly acted unlawfully. *Id.* at 691, 694.

Here, plaintiff fails to allege that Pierce County policy or custom was the "moving force" behind the alleged deprivation of his constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty.,*

*Oklahoma v. Brown*, 520 U.S. 397, 400 (1997). Instead, he claims generally that the alleged use of force and unconstitutional search was committed by police officers with the Pierce County Sheriff's Department. Dkt. 4. Such general allegations fall short of pleading a viable *Monell* claim, as they are vague, conclusory, and speculative. *See Iqbal*, 556 U.S. at 678; *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (applying *Iqbal* pleading standards to *Monell* claims). Therefore, the Court concludes that plaintiff's claims against the Pierce County Sheriff's Department fail to state a claim upon which relief may be granted pursuant to § 1983.

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining exactly what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm. Plaintiff may also provide an amended complaint including additional defendants, similarly including a short, plain statement explaining what those additional defendants did or failed to do and how their actions violated plaintiff's constitutional rights.

**B. Heck Bar – Unconstitutional Search**

Plaintiff also alleges that his Fourth Amendment rights were violated when defendants conducted an illegal search and seizure during his arrest. Dkt. 4. However, an action under § 1983 seeking damages for an alleged illegal search and seizure of evidence upon which criminal charges are based is barred until the criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron,* 210 F.3d 1008, 1015–16 (9th Cir. 2000); *Heck v. Humphrey,* 512 U.S. 477 (1994). The Ninth Circuit reasoned that this approach avoided the "potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases," thereby fulfilling *Heck's* objectives of " 'preserving consistency and finality, and

preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit.' " *Id.* (quoting *Heck*, 512 U.S. at 484-85).

Here, according to facts alleged in the complaint, it appeals the illegal search and seizure led to charges against plaintiff, for which he alleges he is currently awaiting trial at Pierce County Jail. Dkt. 4 at 14. Plaintiff does not allege he has been convicted but asks for the case against him to be dismissed. Dkt. 4 at 14. Because it appears plaintiff's current detention, which plaintiff does not allege his underlying conviction has been overturned, was based in part on evidence gathered during the October 2019 allegedly unconstitutional search and seizure, plaintiff cannot now maintain a § 1983 action challenging the lawfulness of that search. Plaintiff must show cause why this claim should not be dismissed.

## C. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

the original complaint, and not as a supplement.  An amended complaint supersedes all previous

complaints.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

*other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the

amended complaint must be complete in itself and all facts and causes of action alleged in the

original complaint or amended complaint that are not alleged in the second amended complaint

are waived.  *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to

determine whether it contains factual allegations linking each defendant to the alleged violations

of plaintiff's rights. The Court will not authorize service of the amended complaint on any

defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues

raised herein on or before September 4, 2020, the undersigned will recommend dismissal of this

action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

civil rights complaint and for service. The Clerk is further directed to send copies of this Order

and Pro Se Instruction Sheet to Plaintiff.

Dated this 3rd day of August, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER - 9