UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROILAND FERNANDEZ-MEDINA,

                Plaintiff,

     v.

OLIVAREZ,

                Defendants.

CASE NO. 3:20-cv-05703-RAJ-JRC

ORDER

Before the Court is plaintiff's motion for appointment of counsel. Dkt. 9. Defendants did not file a response.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To

1  decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of

2  success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of

3  the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

4  Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these

5  factors is dispositive and both must be viewed together[.]" *Id.*

6          Plaintiff alleges that he has attempted to contact attorneys by phone, but he is not able to

7  afford counsel. Dkt. 6. Plaintiff further contends his imprisonment will greatly limit his ability to

8  litigate this matter, he has limited access to the law library, he has limited formal education, and

9  counsel would enable plaintiff to present evidence and examine witnesses. Dkt. 6 at 3.

10          Here, plaintiff has not shown that he is likely to succeed on the merits of his case or

11  shown an inability to articulate his claims in a fashion that is understandable to the Court.  His

12  pleadings before the Court demonstrate that he is able to understand the legal standards

13  applicable to his § 1983 claims and communicate the factual basis for those claims. *See* Dkt. 4, 5,

14  6, 7. In addition, this is not a complex case nor do plaintiff's § 1983 claims entitle him to

15  representation.  *See Storseth*, 654 F.2d at 1353. "Most actions require development of further

16  facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the

17  facts necessary to support the case.  If all that was required to establish successfully the

18  complexity of the relevant issues was a demonstration of the need for development of further

19  facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

20

21

22

23

24

Thus, Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Plaintiff's motion to appoint counsel (Dkt. 9) is therefore denied without prejudice.

Dated this 12th day of November, 2020.

J. Richard Creatura
United States Magistrate Judge