UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROILAND FERNANDEZ-MEDINA,

　　　　　　　　Plaintiff,

　　v.

RYAN OLIVAREZ et al.,

　　　　　　　　Defendants.

CASE NO. 3:20-CV-05703-RAJ-JRC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently pending before the Court are plaintiff's motion for appointment of counsel (Dkt. 26) and motion for extension (Dkt. 25). After considering the relevant record, the Court denies plaintiff's motion for appointment of counsel (Dkt. 26) and grants plaintiff's motion for extension (Dkt. 25).

**I.　　Motion for Appointment Counsel (Dkt. 26)**

Plaintiff filed a second motion to appoint counsel stating that he is unable to afford counsel, the issues are complex, he has limited law library access, he has limited knowledge of

the law, and he has not been able to retain private counsel. Dkt. 26 at 1-2. Defendants filed a response opposing the appointment of counsel. Dkt. 30.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Here, plaintiff has not shown that he is likely to succeed on the merits of his case or shown an inability to articulate his claims in a fashion that is understandable to the Court. His pleadings before the Court demonstrate that he is able to understand the legal standards applicable to his § 1983 claims and communicate the factual basis for those claims. *See* Dkt. 4, 5, 6, 7, 26, 27, 28. In addition, this is not a complex case nor do plaintiff's § 1983 claims entitle him to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

1   Thus, Court finds that plaintiff has not shown the exceptional circumstances required for
2   the appointment of counsel. Plaintiff's motion to appoint counsel (Dkt. 26) is therefore denied
3   without prejudice.

4   **II.      Motion for Extension (Dkt. 25)**

5   Plaintiff moves for an extension to respond to defendants' motion to dismiss. Dkt. 25.
6   Plaintiff does not explain why he needs an extension. *See* Dkt. 25. Defendants filed a response,
7   opposing the extension. Dkt. 29.

8   While plaintiff, proceeding *pro se,* is not excused from following court rules, *pro se*
9   litigants are entitled to liberal construction of their pleadings and filings and appropriate
10  extensions of time. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003) (Courts may
11  construct *pro se* filings in a way that "create[s] a better correspondence between the substance of
12  a *pro se* motion's claim and its underlying legal basis."). The Court acknowledges lack of
13  explanation in the motion for extension but a review of the relevant record, including plaintiff's
14  motion for appointment of counsel, reflects that plaintiff has limited law library access and he
15  has been unable to retain private counsel. *See* Dkt. 26, 27, 28.

16  Therefore, plaintiff's motion for extension is granted as follows: Plaintiff shall have up to
17  and including February 5, 2021, to respond to defendants' motion to dismiss. Defendants
18  optional reply will be due on or before February 12, 2021.

1   The Clerk's Office is directed to re-note defendants' motion to dismiss (Dkt. 21) for
2   consideration on February 12, 2021.

4   Dated this 22nd day of December, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER - 4