UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROILAND FERNANDEZ-MEDINA,

           Plaintiff,

   v.

OLIVAREZ,

           Defendants.

CASE NO. 3:20-cv-05703-RAJ-JRC

ORDER

Before the Court is defendants' motion to seal the warrant application and affidavit filed as Exhibit 1 to the Declaration of Brennen Johnson in Support of defendants' motion to dismiss. Dkt. 23, 24. Plaintiff has not filed any opposition to the motion. *See* Dkt. Because defendants have shown good cause to protect the information from being disclosed to the public, the Court grants defendants' motion to seal (Dkt. 23). Also pending is defendants' motion to dismiss which is noted for the Court's consideration on February 12, 2021 and will be addressed in a separately filed report and recommendation. *See* Dkt. 21, 31.

The Court will not maintain documents under seal simply because parties have designated it confidential. Rather, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *see also* Local

ORDER - 1

1  Civil Rule 5(g). Parties who seek to maintain the secrecy of documents related or attached to

2  dispositive motions "must meet the high threshold of showing that 'compelling reasons' support

3  secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing

4  *Foltz*, 331 F.3d at 1136); *see also E. & J. Gallo Winery v. Instituut Voor Landbouw- En*

5  *Visserijonderzoek*, 2018 WL 4090585, at *1-2 (E.D. Cal. Aug. 27, 2018) (applying the

6  "compelling reasons" standard to a dispositive motion). Those compelling reasons must

7  outweigh the competing interests of the public in having access to the judicial records and

8  understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the

9  production of records may lead to a litigant's embarrassment, incrimination, or exposure to

10  further litigation will not, without more, compel the court to seal its records." *Id.* at 1179

11  (citation omitted).

12      A party wishing to file materials under seal is subject to the requirements of Local Civil

13  Rule 5(g), which similarly establishes a "strong presumption of public access to the court's

14  files." A party seeking to seal a document must file a motion which includes:

15      (A)    **a certification that the party has met and conferred** with all other parties
       in an attempt to reach agreement on the need to file the document under seal, to
16     minimize the amount of material filed under seal, and to explore redaction and other
       alternatives to filing under seal; this certification must list the date, manner, and
17     participants of the conference; [and]

18      (B)    **a specific statement of the applicable legal standard and the reasons for
       keeping a document under seal**, including an explanation of:
19     i.    the legitimate private or public interests that warrant the relief sought;
       ii.    the injury that will result if the relief sought is not granted; and
20     iii.    why a less restrictive alternative to the relief sought is not sufficient

21  Local Civil Rule 5(g)(3).

22      Plaintiff is a pretrial detainee and faces prosecution based on his arrest and an undercover

23  investigation. Dkt. 23 at 1-2. The warrant sets forth how plaintiff was engaged in illegal activity

24

1  and drug trafficking during the course of the investigation. Dkt. 24, Exhibit 1; Dkt. 23 at 2. The
2  affidavit notes how the warrant application included investigative techniques, means, and
3  methods. Dkt. 24, Exhibit 1. Plaintiff's arrest implicates not only himself, but others who may be
4  subject to ongoing investigation. *Id.* at Exhibit 3 at 4, 21. The Pierce County Superior Court has
5  ordered that the warrant affidavit be sealed. *Id.* at Exhibit 1 at 8. As identified by defendants,
6  revealing police techniques, means, and methods related to plaintiff's arrest could threaten any
7  future investigations, undermine ongoing criminal proceedings, contradict state court rules and
8  decisions on discovery, and compromise the State's interest in investigating drug trafficking and
9  enforcing its laws. *See* Dkt. 23 at 3-4. Plaintiff has not placed anything before the Court to refute
10 defendants' contentions. *See* Dkt.

11   Although Defendants acknowledge that they have not met and conferred with plaintiff
12 prior to filing of the sealed document, they argue such a conference would be meritless and pose
13 its own concerns in the context of protecting means and methods in a criminal investigation
14 involving the opposing party. Dkt. 23 at 3. The Court concludes that defendants substantially
15 comply with Local Rule 5, and there are compelling reasons for maintaining the warrant
16 application and affidavit under seal. *See* Dkt. 23. Thus, defendants' motion to seal (Dkt. 23) is
17 granted. The warrant application and affidavit identified as Exhibit 1 to the Declaration of
18 Brennen Johnson shall remain under seal (Dkt. 24).

19   Dated this 13th day of January, 2021.

J. Richard Creatura
United States Magistrate Judge