UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROILAND FERNANDEZ-MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>OLIVAREZ et al.,<br><br>Defendants. | CASE NO. 3:20-cv-05703-RAJ-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: APRIL 2, 2021 |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge. Before the Court is defendants filed a motion to dismiss (hereinafter "motion"). Dkt. 21. In the alternative, defendants move for a stay of the case. *Id.*

Plaintiff is a pretrial detainee facing prosecution in Pierce County for drug trafficking and unlawful possession of firearms. Dkt. 6; Dkt. 22, Exhibits 4 and 5. He alleges claims of unlawful arrest and the use of excessive force during his arrest. Dkt. 6. Plaintiff's pending state court proceedings implicate an important state interest in enforcing the criminal laws, and they provide plaintiff with an adequate opportunity to litigate his federal claims. Exercising jurisdiction in this case would have the practical effect of enjoining the state court proceeding. Therefore, the Court

1  concludes that abstention is appropriate and recommends this action be stayed until the
2  conclusion of plaintiff's state court criminal proceedings. Based on the stay, the Court
3  recommends denying the remainder of defendants' motion as moot without prejudice.

## BACKGROUND

### A. Factual Allegations

In October 2019, plaintiff was looking under the hood of a vehicle parked on the second story of the parking structure at the Hotel Murano in downtown Tacoma, Washington. Dkt. 6 at 6-7. Plaintiff alleges that he was doing a minor diagnostic check for the owner of the vehicle, an acquaintance. *Id.* at 7. After Plaintiff checked the engine's oil level, he sat in the vehicle to start the engine and do a final diagnostic check. *Id.* at 7. While sitting in the vehicle, a van "smashed" into Plaintiff's vehicle at "full speed." *Id.* at 7.

Plaintiff alleges that he was dazed by the force of the impact, and observed several armed men exiting the van. *Id.* at 8. Plaintiff alleges that he "feared for [his] life" and made a split second decision to flee from what he thought was an aggravated robbery. *Id.* at 8. Plaintiff alleges that he jumped over a wall in the second story of a parking structure. *Id.* at 8. After landing, plaintiff got up and ran until he was "physically tackled" and assaulted. *Id.* at 8. At this point, plaintiff realized that the individuals in the van were plain clothes police officers. *Id.* at 8. Plaintiff was taken into custody. *Id.* at 9. Plaintiff was then taken to the hospital where he was treated for a broken left ankle. *Id.* at 9. Plaintiff alleges that his ankle was broken when defendants "piled up on top of" him during the arrest. *Id.* at 10.

Plaintiff names the following as defendants: Deputy Olivarez, Detective Reigle, Detective Darby, Detective Rayner, Deputy Mendoza, Sergeant Greger, Detective Dickerson,

Deputy Nordstrom, and the Pierce County Sheriff's Department. Dkt. 6 at 2. Plaintiff alleges that defendants conducted an unlawful search and seizure and used excessive force. Dkt. 6 at 9-10.

Plaintiff further identifies his right to due process and equal protection of the law but offers no allegations in support of these claims. *Id.* at 14. In his reply, plaintiff acknowledges that he only raises an unlawful search and seizure and excessive force claims. Dkt. 33 at 11. Therefore, the Court construes the complaint to allege only unlawful search and seizure and excessive force claims. Attached to the complaint, plaintiff submits copies of portions of the police report and an authorization to tow/impound. Dkt. 17-21. Plaintiff seeks monetary damages. Dkt. 6 at 16.

Plaintiff is currently housed at the Pierce County Jail and facing prosecution of two counts of possession of a controlled substance with intent to deliver and two counts of unlawful possession of a firearm in the first degree. Dkt. 6; Dkt. 22, Exhibit 4, 5.

**B.  Procedural Background**

On July 29, 2020, plaintiff filed his initial complaint. Dkt. 4. On August 3, 2020, the Court reviewed plaintiff's complaint and found that plaintiff had failed to state a claim. Dkt. 5. The Court declined to serve the complaint, but afforded plaintiff an opportunity to file an amended complaint. *Id.*

On September 3, 2020, plaintiff filed the operative amended complaint (hereinafter "complaint"). Dkt. 6 at 23. On October 1, 2020, after screening the complaint, the Court entered an order directing service. Dkt. 7. On November 2, 2020, the Defendants entered a limited notice of appearance and waivers of service. Dkts. 10–19.

1    On November 30, 2020, defendants filed the motion. Dkt. 21. After an extension, on
2 January 14, 2021, plaintiff filed his response. Dkt. 33. On February 12, 2021, defendants filed a
3 reply. Dkt. 34.

## DISCUSSION

### A. Defendants' Request for Judicial Notice

Defendants request that the Court take judicial notice of five exhibits filed in support of the motion. Dkt. 21 at 5, Dkt. 22 (Exhibits 1-5). These documents are listed as: (1) Exhibit 1 - copy of the warrant application and affidavit authorizing the arrest of plaintiff on October 15, 2020, and the Pierce County Superior Court order sealing the warrant affidavit (Exhibit 1 is filed under seal); (2) Exhibit 2 - copy of plaintiff's criminal conviction history, publicly accessible via the Washington State Patrol WATCH database, generated on November 28, 2020; (3) Exhibit 3 - copy of the complete report file for plaintiff's arrest, Incident No. 1928800642, from which plaintiff has attached excerpts to his complaint; (4) Exhibit 4 - copy of the Criminal Information filed in Pierce County Cause No. 19-1-03905-3 to initiate the ongoing prosecution of plaintiff; and (5) Exhibit 5 - copy of the Declaration for Determination of Probable Cause filed in support of the Criminal Information for Pierce County Cause No. 19-1-03905-3. *See* Dkt. 21, 22.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. *See also Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks omitted)). Court orders and filings are proper subjects of judicial notice. *See, e.g., United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

1  matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir.
2  2006) (taking judicial notice of pleadings, memoranda, and other court filings).

3  As an initial matter, the Court defers a ruling giving judicial notice of Exhibits 1, 2, and
4  3. The Court does not find that Exhibits 1, 2, and 3 are pertinent to its analysis at this juncture
5  and the Court need not rely on these documents to reach its conclusion below. Defendants may
6  renew their request for judicial notice of Exhibits 1, 2, and 3 at a later point in the proceedings if
7  necessary.

8  Because Exhibits 4 and 5 are documents filed in plaintiff's state court criminal case, these
9  documents are a proper subject of judicial notice. *See Black,* 482 F.3d at 1041. Thus, the Court
10 grants defendant' request for judicial notice as to Exhibits 4 and 5, and the Court will consider
11 these documents in deciding the pending motion. In doing so, the Court has authority to take
12 judicial notice of the *fact* that the criminal information and declaration for determination of
13 probable cause were filed in support of plaintiff's state court criminal case. However, the Court
14 may not take judicial notice of any disputed facts stated in these public records. *See* Fed. R. Evid.
15 201(b). For example, the Court may not rely on the validity of the criminal information or
16 declaration of probable cause in dismissing plaintiff's § 1983 claims at the pleading stage.

17 **B. Abstention**

18 Defendants argue that the Court should stay this action subject to the *Younger* abstention
19 doctrine. Dkt. 21 at 14-16. Plaintiff opposes dismissal of his claims but does argue against a stay
20 of this case. *See* Dkt. 33.

21 Generally, federal courts will not intervene in a pending criminal proceeding absent
22 extraordinary circumstances where the danger of irreparable harm is both great and immediate.
23 *See Younger v. Harris,* 401 U.S. 37, 43, 45, 46 (1971). *Younger* abstention is a jurisprudential

24

doctrine rooted in overlapping principles of equity, comity, and federalism. *See id.* at 43–49 (discussing the jurisprudential background of abstention).

A federal court must abstain under *Younger* if four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.,* would interfere with the state proceeding in a way that *Younger* disapproves. *Gilbertson v. Albright,* 381 F.3d 965, 978 (9th Cir. 2004); *AmerisourceBergen Corp. v. Roden ("ABC"),* 495 F.3d 1143, 1149 (9th Cir. 2007); *see also Green v. City of Tucson,* 55 F.3d 1086, 1093 (9th Cir. 2001) (en banc) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), *overruled in other part by Gilbertson,* 381 F.3d 965. An exception to that general rule exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982).

Here, plaintiff's state court case, Pierce County Cause No. 19-1-03905-3, satisfies all four criteria for *Younger* abstention. First, the proceedings are ongoing. *See* Dkt. 6; Dkt. 22, Exhibit 4, 5. Second, the proceedings involve a criminal prosecution, and therefore implicate important state interests. *See id.; Younger,* 401 U.S. at 43–44. Regarding the third factor, the criminal prosecution is based on plaintiff's arrest and search pursuant to a warrant. There is nothing to indicate that plaintiff cannot raise the same unlawful arrest or excessive force claims that he raises here in his criminal case. For example, plaintiff may raise these claims as a defense to the

state's criminal allegations. With regard to the fourth factor, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Any disposition on this civil case prior to the resolution of the state criminal proceedings may be at odds with the outcome of the state criminal proceedings, and thus, exercising jurisdiction in this case, would have the practical effect of enjoining the state court proceeding. Finally, there are no "extraordinary circumstances" that justify declining to abstain.

Consequently, and in light of plaintiff's non-opposition, the Court concludes that *Younger* abstention is appropriate and recommends that this action be stayed until the conclusion of plaintiff's state court criminal proceedings. *Gilbertson v. Albright,* 381 F.3d 965, 981, 984 (9th Cir. 2004) ("[W]hen damages are at issue rather than discretionary relief, deference—rather than dismissal—is the proper restraint. To stay instead of to dismiss the federal action preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction.").

The parties should be directed to file joint reports apprising the Court of the status of the state court action every ninety (90) days and to file a notice within ten (10) days of any ruling in the state court proceeding. Any pleadings filed not directly related to the status of the state court action should be stricken by the Clerk's Office.

In light of the stay, the Court recommends denying the remainder of defendants' motion to dismiss plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure as moot without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
2  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
3  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
4  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 2, 2021**
5  as noted in the caption.

Dated this 9th day of March, 2021.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8