UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROILAND FERNANDEZ-MEDINA,

                    Plaintiff,

        v.

RYAN OLIVAREZ, *et al.*,

                    Defendants.

CASE NO. 3:20-cv-05703-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 4th, 2022

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This matter is before the Court on defendants' motion to dismiss plaintiff's amended complaint. Dkts. 6, 41.

Plaintiff alleges that police officers crashed a van at full speed into a parked car that he was sitting in and later piled on top of him with such force that they broke his ankle. These allegations support a reasonable inference that the officers used excessive force on him during both incidents. The officers do not enjoy qualified immunity at the pleading stage because,

1   drawing all reasonable inferences in his favor, a reasonable officer obviously would have

2   perceived that such conduct constituted excessive force. Based on the same allegations, plaintiff

3   further asserts that the officers violated his rights to substantive due process and equal protection.

4   But plaintiff piggybacks the contention that the officers violated substantive due process onto his

5   assertion that they used excessive force, which caselaw forbids. Furthermore, plaintiff has

6   pleaded no class-based discrimination sufficient to infer a violation of equal protection.

7           Plaintiff also alleges that his arrest was unlawful because he was not committing a crime

8   while sitting in the parked car. However, his subsequent plea of guilty to firearms offenses in

9   connection with this incident bars his claim of unlawful arrest. Plaintiff's related claim under

10  article I, section 7 of the Washington State Constitution is not viable because Washington courts

11  have not created a private right of action for damages for violations of that provision. And, while

12  a plaintiff may seek damages under Washington law when officers have invaded his privacy,

13  plaintiff's allegations do not suggest that the officers did so. The officers were acting pursuant to

14  a warrant whose validity plaintiff does not challenge and he later pleaded guilty in connection

15  with their search and seizure.

16          In addition to individual officers, plaintiff sues the Pierce County Sheriff's Department

17  ("Sheriff's Department"). But the Sheriff's Department should be dismissed because it is not a

18  proper defendant in a § 1983 action.

19          For all these reasons, defendants' motion to dismiss should be granted in part and denied

20  in part.

21                          **AMENDED COMPLAINT'S ALLEGATIONS**

22          Plaintiff names the following employees of the Sheriff's Department as defendants: (1)

23  Deputy Olivarez; (2) Detective Reigle; (3) Detective Darby; (4) Detective Rayner; (5) Deputy

24

1    Mendoza; (6) Sergeant Greger; (7) Detective Dickerson; and (8) Deputy Nordstrom. Dkt. 6 at 2.

2    Plaintiff also sues the Sheriff's Department. *Id.*

3          On October 15, 2019, plaintiff allegedly was in the parking lot of Hotel Murano in

4    Tacoma, Washington "conducting a basic mechanical diagnostic on an acquaintance's vehicle."

5    *Id.* at 6–7. Plaintiff alleges that, "[w]hile sitting inside the parked Mercedes doing [his] job,

6    [plaintiff] observed an unknown van [driven by Defendant Sergeant Greger] smash[] into the

7    Mercedes at full speed." *Id.* at 7–8. Thereafter, Plaintiff allegedly observed "several armed m[e]n

8    aggressively exiting the vehicle used in the assault." *Id.* at 8.

9          Plaintiff alleges that he fled from these individuals and "jumped over a small wall to a

10   lower parking lot level, about 10 to 15 feet below." *Id.* Thereupon, plaintiff further alleges, he

11   "was physically tackled and further assaulted by" the plainclothes police officers. *Id.* Allegedly,

12   the officers "piled [] on top of [plaintiff] to arrest [him], [causing plaintiff's] ankle [to be] broken

13   in two places." *See id.* at 9–10.

14         Plaintiff alleges that he "never committed nor was about to commit any crime" and that

15   he was "innocent" and that the officers thus lacked "probable cause . . . to detain, search[,] and

16   arrest [him]." *Id.* at 9. Likewise, plaintiff alleges that the officers engaged in an "illegal stop,

17   search[,] and seizure[] of [him]." *Id.* at 10. Further, plaintiff alleges that the van's crashing into

18   the Mercedes and the officers' ensuing detention constituted excessive force. *See id.* at 9–10.

19   Based on the same allegations, plaintiff also contends that defendants violated due process and

20   equal protection. *Id.* at 14. Additionally, plaintiff alleges a violation of article I, section 7 of the

21   Washington State Constitution. *Id.* at 10. Plaintiff seeks monetary damages. *Id.* at 16.

22

23

24

1

## PROCEDURAL BACKGROUND

2      On November 30, 2020, defendants filed a motion to dismiss. Dkt. 21. On March 9, 2021,

3 the undersigned issued a report and recommendation (R&R) finding that an abstention under

4 *Younger v. Harris*, 401 U.S. 37 (1971), was appropriate because plaintiff's state court

5 prosecution was pending. Dkt. 35 at 5–7. The undersigned recommended staying the case "until

6 the conclusion of plaintiff's state court criminal proceedings." *Id.* at 7 (citations omitted). The

7 district court adopted the recommendation. Dkt. 36.

8      On August 27, 2021, defendants filed a notice that the state criminal proceedings had

9 concluded and renewed their motion to dismiss. Dkts. 40–41. In the notice, defendants stated that

10 plaintiff's prosecution "concluded with a guilty plea and entry of a sentence judgment on August

11 12, 2021." Dkt. 40 at 1. Defendants attached a "copy of the Warrant of Commitment, Judgment

12 and Sentence" to support this assertion. *Id.* (citing Dkt. 40-1); *see also Harris v. Cty. of Orange*,

13 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of . . . documents on file in

14 federal or state courts." (citation omitted)).

15      As relevant here, defendants argue that their motion to dismiss should be granted

16 because: (1) plaintiff's claim that defendants unlawfully arrested him is barred by *Heck v.*

17 *Humphrey*, 512 U.S. 477, 487 (1994); (2) plaintiff fails to state a viable excessive force claim;

18 (3) the defendants enjoy qualified immunity; (4) plaintiff does not allege that most of the

19 defendants were personally involved in the alleged constitutional violations; and (5) the Sheriff's

20 Department is not a proper defendant and plaintiff failed to allege that a policy or custom of the

21 Pierce County caused the alleged constitutional violations. *See id.* at 8–16.

22      In making some of these arguments, defendants rely on: (1) the warrant application and

23 affidavit authorizing plaintiff's arrest; ("warrant") (2) plaintiff's criminal conviction history

24

predating his arrest ("prior convictions"); (3) the complete report file for plaintiff's arrest, parts of which plaintiff attached to his amended complaint ("police reports"); (4) the information in plaintiff's criminal case; and (5) the declaration for determination of probable cause filed in plaintiff's criminal case ("declaration"). *See* Dkts. 22, 24. Defendants ask the Court to assume the truth of the facts alleged in these documents because: (1) they are public records; and (2) plaintiff attached some police reports to his complaint. *See* Dkt. 41 at 2–4, 6.

"A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (citation and quotation marks omitted). "But a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Id.* (quoting Fed. R. Evid. 201(b)). Thus, while courts may "take judicial notice of *undisputed* matters of public record," they may not take "judicial notice of *disputed* facts stated in public records." *See id.* at 690.

Here, the Court takes judicial notice of the existence of the warrant, prior convictions, police reports, information, and declaration. In his response, plaintiff does not dispute the existence of these documents. Furthermore, the Court takes judicial notice of the fact that defendants "requested and obtained" the search warrant and acted pursuant to it in arresting plaintiff. *See Est. of DiMaggio by Robinson v. United State*s, No. 1:15-CV-00311-EJL, 2017 WL 1206001, at *1 n.2 (D. Idaho Mar. 31, 2017) (citation omitted). Again, in his response, plaintiff does not dispute this fact. However, the Court declines to take judicial notice of factual allegations in these documents that plaintiff disputes in his amended complaint and response. *See id.* (stating that, for judicial notice purposes, "warrants [did not] establish as true any of their contents, allegations, or inferences that may be drawn therefrom").

1    In their motion to dismiss, defendants did not address plaintiff's allegations that

2    defendants violated due process, equal protection, and article I, section 7 of the Washington State

3    Constitution. However, the Court may screen the amended complaint under 28 U.S.C. § 1915A

4    and 28 U.S.C. § 1915(e).

5    Plaintiff filed a response to the motion to dismiss. Dkt. 50. Defendants filed a reply. Dkt.

6    51.

7    **STANDARD OF REVIEW (MOTION TO DISMISS)**

8    A complaint must contain a "short and plain statement of the claim showing that the

9    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of

10    the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

11    allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl.*

12    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere conclusory statements in a complaint and

13    "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.* "Dismissal

14    can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

15    under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

16    1988) (citation omitted).

17    To survive a motion to dismiss, a complaint must contain sufficient factual matter,
       accepted as true, to "state a claim to relief that is plausible on its face." A claim has
18     facial plausibility when the plaintiff pleads factual content that allows the court to
       draw the reasonable inference that the defendant is liable for the misconduct
19     alleged. The plausibility standard is not akin to a probability requirement, but it
       asks for more than a sheer possibility that a defendant has acted unlawfully.
20

21    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The pleading must be more than

22    an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted).

23

24

1    While the Court must accept all the allegations contained in the complaint as true, the

2    Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* (citation

3    omitted). When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less

4    stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404

5    U.S. 519, 520 (1972).

6    While the court can liberally construe a plaintiff's complaint, it cannot supply an essential

7    fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citation

8    omitted). The court need not accept as true unreasonable inferences or conclusory legal

9    allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d

10   979, 988 (9th Cir. 2001) (citation omitted).

11                    **STANDARD OF REVIEW—§ 1915A and § 1915(e)**

12   Under the Prison Litigation Reform Act, the Court is required to screen complaints

13   brought by prisoners seeking relief against a governmental entity or officer or employee of a

14   governmental entity. 28 U.S.C. § 1915A(a); *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir.

15   2008). The Court must "dismiss the complaint, or any portion of the complaint, if the

16   complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

17   or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

18   1915A(b).

19    Likewise, because plaintiff is proceeding *in forma pauperis* ("IFP"), Dkt. 3, the Court

20   must screen his amended complaint under § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

21   Cir. 2000) (en banc). Under § 1915(e)(2)(B), a district court must dismiss a prisoner's IFP case

22   at any time if it determines that the case is (i) frivolous or malicious; (ii) fails to state a claim on

23

24

REPORT AND RECOMMENDATION - 7

1  which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

2  from such relief. *O'Neal*, 531 F.3d at 1153 (citation and internal quotation marks omitted).

3      Section 1915A and § 1915(e) both allow district courts to screen a complaint at any time

4  during a case. *See* 28 U.S.C. § 1915A ("The court shall review . . . *as soon as practicable after*

5  *docketing*[] a complaint . . . ." (emphasis added)); 28 U.S.C. § 1915(e)(2) ("[T]he court shall

6  dismiss the case at any time . . . ."). So the district court may screen a complaint under these

7  provisions where, as here, a defendant has filed a motion to dismiss. *Lopez*, 203 F.3d at 1126 n.6.

8      The standard for determining whether a plaintiff has failed to state a claim under §

9  1915A(b)(1) and § 1915(e)(2)(B)(ii) is the same as Rule 12(b)(6)'s standard for failure to state a

10  claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d

11  1108, 1112 (9th Cir. 2012).

12                              **DISCUSSION**

13  **I.      False Arrest**

14      Plaintiff alleges that he "never committed nor was about to commit any crime" and that

15  he was "innocent" and that defendants thus lacked "probable cause . . . to detain, search[,] and

16  arrest [him]." Dkt. 6 at 9. "[A]n arrest without probable cause violates the Fourth Amendment

17  and gives rise to a claim for damages under § 1983." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071,

18  1076 (9th Cir. 2011) (citation and internal quotation marks omitted).

19      "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider

20  whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

21  conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

22  demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

23

24

*Heck* may bar a claim for false arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Here, plaintiff alleges that defendants lacked probable cause to arrest him because he never committed any crime and was innocent. However, it is undisputed that plaintiff pleaded guilty to two counts of unlawful possession of a firearm. Dkt. 41 at 3. If plaintiff demonstrated that he was innocent and never committed a crime, this showing would necessarily imply that his convictions were invalid. Plaintiff does not argue otherwise in his response. So *Heck* bars his false arrest claim. *See, e.g.*, *Thompson v. Thompson*, No. C08-1841-RSM, 2010 WL 724699, at *2 (W.D. Wash. Feb. 25, 2010) (*Heck* bars challenge to arrest that led to conviction for unlawful possession of a firearm).

This claim should be dismissed without leave to amend. It is clear that any "further amendment" with respect to this claim "would be futile." *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

## II.    Excessive Force

Plaintiff bases his claim that defendants used excessive force on him on two separate incidents: (1) the van's alleged crashing into the parked Mercedes that he was sitting in; and (2) the officers' alleged tackling and piling on top of him after he fled.

"*[A]ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether an officer's use of force is "reasonable" "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue,

1   whether the suspect poses an immediate threat to the safety of the officers or others, and whether

2   he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citation omitted).

3       Here, plaintiff has adequately alleged that the van's alleged crashing into the Mercedes at

4   full speed constituted excessive force. The alleged crashing of a van into a car at full speed

5   involves a high level of force and poses a serious threat to the safety of the parked vehicle's

6   occupant. *Cf. Gonzalez v. City of Anaheim*, 747 F.3d 789, 796–97 (9th Cir. 2014) (en banc).

7   Furthermore, because plaintiff alleges that the Mercedes was parked, it is inferable that plaintiff

8   did not pose a threat to the officers at that moment. Defendants contend that their force was

9   reasonable because the van only "bumped" the Mercedes. Dkt. 41 at 2. But defendants cite a

10  police report for this proposition that contains Defendant Sergeant Greger's disputed statements.

11  Dkt. at 6 at 18. The Court cannot resolve this disputed fact against plaintiff on a motion to

12  dismiss.

13      Also, defendants suggest that plaintiff posed a danger to them because "he was a suspect .

14  . . in a drug trafficking operation" and the warrant "noted the likelihood that drug traffickers

15  possess or use firearms." Dkt. 41 at 10. The Court accepts that defendants were aware of the

16  warrant's content, which plaintiff has not disputed. However, whether, and to what extent, an

17  objective officer would have inferred that plaintiff might possess or use a firearm requires

18  "inferences" that are inappropriate to draw from judicially noticed documents at the pleading

19  stage. *See Robinson*, 2017 WL 1206001, at *1 n.2; *cf. United States v. Ritchie*, 342 F.3d 903, 909

20  (9th Cir. 2003) ("The underlying facts relevant to the adjudication of this case . . . do not

21  remotely fit the requirements of Rule 201.").

22      Defendants further argue that, apart from defendant Sergeant Greger, plaintiff has not

23  alleged that they were personally involved in this incident. However, plaintiff alleges that, after

24

1   the van crashed into the Mercedes, he "observed several armed m[e]n aggressively exiting the

2   vehicle." Dkt. 6 at 8. This allegation supports a reasonable inference that the remaining

3   defendants "participate[d]" in the van's crashing into the Mercedes. *See Johnson v. Duffy*, 588

4   F.2d 740, 743 (9th Cir. 1978) (citation omitted). So plaintiff has adequately alleged that the

5   remaining defendants were personally involved in this alleged use of force.

6          Defendants also contend that qualified immunity protects them from this claim. Qualified

7   immunity protects government officials from liability for civil damages where a reasonable

8   official would not have known that his conduct violated a clearly established right. *Anderson v.*

9   *Creighton*, 483 U.S. 635, 638–39 (1987). A right is "clearly established" when "the contours of

10  the right [are] sufficiently clear that a reasonable official would understand that what he is doing

11  violates that right." *Id.* at 640. "[I]n an obvious case," general legal standards may clearly

12  establish law "without a body of relevant cases." *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)

13  (per curiam) (citation omitted); *see also Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir. 2001)

14  (citation omitted) ("[E]ven if there is no closely analogous case law, a right can be clearly

15  established on the basis of common sense.").

16         Here, plaintiff alleges that a van, an inferably massive vehicle, crashed into a parked car

17  at full speed. Plaintiff claims he was sitting in that car. His allegations support a reasonable

18  inference that he did not then pose a danger to the van's occupants. Additionally, plaintiff's

19  allegations, if accepted as true, would lead to the conclusion that he was not fleeing from the

20  officers when the crash occurred. Drawing all reasonable inferences in favor of plaintiff, a

21  reasonable officer obviously would have known that such conduct constituted excessive force.

22  So, at this stage, qualified immunity does not protect defendants from this claim. *Cf. Keates v.*

23  *Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018) ("If the operative complaint contains even one

24

1    allegation of a harmful act that would constitute a violation of a clearly established constitutional

2    right, then plaintiffs are entitled to go forward with their claims." (citation and internal quotation

3    marks omitted)).

4          Moreover, plaintiff has adequately alleged that the officers' tackling and piling on top of

5    him constituted excessive force. Plaintiff alleges that, after he fled, he "was physically tackled

6    and further assaulted by" the plainclothes police officers. Dkt. 6 at 8. He further alleges that the

7    officers "piled [] on top of [him] to arrest [him], [causing plaintiff's] ankle [to be] broken in two

8    places. *See id.* at 9–10. Plaintiff clarifies in his response that the officers "jumped on top of"

9    him as he lay "motionless" and was not "resisting" arrest. Dkt. 50 at 7; *see Pegram v. Herdrich*,

10   530 U.S. 211, 230 n.10 (2000) (courts may use a "brief to clarify allegations in [a] complaint

11   whose meaning is unclear"). These allegations support a reasonable inference that the officers

12   used excessive force on plaintiff during this incident.

13         Defendants contend that any excessive force claim against Defendant Detective Reigle,

14   who they contend tackled plaintiff, would be "absurd." Dkt. 41 at 11. In their words, "[i]t is

15   necessarily reasonable force for a single officer to tackle a fleeing, likely armed, suspected drug

16   trafficker." *Id.* (citations omitted). However, the thrust of the plaintiff's claim is that the officers

17   used excessive force by piling on top of him with such force that they broke his ankle even

18   though he lay motionless and did not resist arrest. These allegations clearly support an inference

19   of excessive force and preclude, at the pleading stage, a qualified immunity defense. *See, e.g.*,

20   *Barnard v. Las Vegas Metro. Police Dep't*, 310 F. App'x 990, 992 (9th Cir. 2009) (officers may

21   not "use excessive force on an arrestee after he or she has surrendered, or is otherwise helpless,

22   and is under complete control of the officers" (citation omitted)); *Santos v. Gates*, 287 F.3d 846,

23   853–54 (9th Cir. 2002) (reasonable juror could find officers' force excessive where they threw

24

1    suspect to the ground and broke his back after he dropped to his knees with his hands behind his

2    head).

3    Defendants also contend that, apart from Defendant Detective Reigle, they were not

4    personally involved in this alleged incident. Dkt. 41 at 14. However, plaintiff alleges that

5    "several armed m[e]n aggressively exit[ed] the van." Dkt. 6 at 8. He further alleges that, after

6    fleeing, he was "tackled and further assaulted by [his] unknow assailants." *Id.* These allegations

7    support a reasonable inference that all defendants tackled and/or piled on top of him as he avers.

8    In sum, plaintiff had asserted a viable excessive force claim against all defendants based

9    on the van's alleged crashing into the Mercedes at full speed and defendants' alleged tackling

10    and piling on top of him.

11    ### III.    Due Process

12    Plaintiff bases his due process claim on the same allegations on which he bases his

13    excessive force claim. Dkt. 6 at 14. This is impermissible. *See Graham*, 490 U.S. at 395

14    ("Because the Fourth Amendment provides an explicit textual source of constitutional protection

15    against th[e] sort of physically intrusive governmental conduct [at issue], that Amendment, not

16    the more generalized notion of 'substantive due process,' must be the guide for analyzing

17    [plaintiff's excessive force] claims."). Plaintiff should not be given leave to amend this claim.

18    *See Rutman*, 829 F.2d at 738.

19    ### IV.    Equal Protection

20    "The Equal Protection Clause of the Fourteenth Amendment commands that no State

21    shall deny to any person within its jurisdiction the equal protection of the laws, which is

22    essentially a direction that all persons similarly situated should be treated alike." *City of*

23    *Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation and internal quotation

24

marks omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted).

Here, plaintiff has provided no allegations supporting a reasonable inference that defendants so discriminated against him, when arresting him or otherwise. Again, plaintiff piggybacked this claim onto the allegations underlying his excessive force claim.

## V.    Sheriff's Department

Defendants contend that the Sheriff's Department must be dismissed because it "is not a legal entity subject to suit—the proper party is Pierce County." Dkt. 41 at 14 (citation omitted). Defendants further contend that any claim against Pierce County would fail because plaintiff has not "allege[d] sufficient facts to support a reasonable inference that the execution of a policy, custom, or practice was the moving force that resulted in the [alleged excessive force]." *Id.* at 15 (citation and internal quotation marks omitted). Plaintiff did not argue otherwise in his response.

The undersigned agrees with defendants' statement of the governing law and application of plaintiff's allegations to it. For the reasons in defendant's motion to dismiss, the Sheriff's Department should be dismissed as a defendant.

## VI.    Article I, section 7 of the Washington State Constitution

"No person shall be disturbed in his private affairs, or his home invaded, without authority of law." Wash. Const. art. I, § 7. "Because searches and seizures incontrovertibly disturb private affairs, article I, section 7 envelops search and seizure." *State v. Flores*, 186 Wash. 2d 506, 511–12 (2016) (en banc) (citation omitted). However, there is no private right of action for damages for violations of article I, section 7. *See Reid v. Pierce Cty.*, 136 Wash. 2d

1    195, 213–14 (1998) (en banc); *see also Rorvik v. Snohomish Sch. Dist.*, No. C17-0946-JCC,

2    2018 WL 3917932, at *6 (W.D. Wash. Aug. 16, 2018) (citation and internal quotation marks

3    omitted).

4         Still, Washington recognizes that "the common law right of privacy exists . . . and that

5    individuals may bring a cause of action for invasion of that right." *Reid*, 136 Wash. 2d at 206. "A

6    person may sue the government for common law privacy invasion if it intentionally intrudes

7    upon his or her solitude, seclusion, or private affairs." *Mancini v. City of Tacoma*, 188 Wash.

8    App. 1006, at *11 (2015) (citation omitted). "The following elements must be proved by a

9    preponderance of the evidence to establish a prima facie claim of invasion of privacy: (1) an

10   intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or her

11   private affairs; (2) a legitimate and reasonable expectation of privacy with respect to that matter

12   or affair; (3) an intrusion that would be highly offensive to a reasonable person; and (4) damage

13   proximately caused by the defendant's conduct." *Id.* at *12.

14        Here, plaintiff has not adequately alleged that defendants invaded his privacy. Plaintiff's

15   allegations compel the conclusion that he was in a hotel parking lot in plain view when, pursuant

16   to a valid warrant, defendants arrested him. These facts do not support a reasonable inference

17   that defendants intruded upon plaintiff's solitude, seclusion, or private affairs or that plaintiff had

18   a legitimate expectation of privacy in this circumstance. Although a valid search warrant may not

19   always foreclose a claim that a governmental actor violated a plaintiff's right to privacy, there is

20   no indication that defendants' authority to seize plaintiff "eroded over time." *See id.* Quite the

21   contrary, plaintiff later pleaded guilty.

22

23

24

1    In sum, plaintiff has not adequately alleged that defendants violated article I, section 7 or

2    his common law right of privacy. Plaintiff should not be given leave to amend this claim. *See*

3    *Rutman*, 829 F.2d at 738.

4                                **CONCLUSION**

5    As discussed above, it is **recommended** that defendants' motion to dismiss (Dkt. 41) be

6    **granted in part and denied in part**, with the following results:

7    (1)    Plaintiff should be **allowed to proceed** on his excessive force claims.

8    (2)    Plaintiff's false arrest claim should be **dismissed without leave to amend** as

9    *Heck*-barred .

10    (3)    Plaintiff's substantive due process claim should be **dismissed without leave to**

11    **amend**.

12    (4)    Plaintiff's equal protection claim should be **dismissed with leave to amend**.

13    (5)    Plaintiff's claim under article I, section 7, and any claim for a violation of his

14    common law right of privacy, should be **dismissed without leave to amend**.

15    (6)    The Sheriff's Department should be **dismissed** as a defendant.

16    It is further **recommended** that plaintiff be instructed as follows with respect to the filing

17    of a second amended complaint:

18    (1)    Plaintiff may, **<u>if he wishes</u>**, file a second amended complaint in which he attempts

19    to state an equal protection claim or a claim that Pierce County had a policy or custom that

20    caused defendants' alleged use of excessive force on him. The second amended complaint must

21    be filed on or before [30 DAYS].

22

23

24

(2)     The second amended complaint, if any, must be filed on this District's § 1983 form, legibly written or retyped in its entirety, and filled out completely. Furthermore, the second amended complaint must contain case number 3:20-cv-05703-RAJ-JRC.

(3)     The second amended complaint, if any, will act as a complete substitute for the complaint; the Court will address only the claims alleged in it. The Court recognizes that plaintiff has sufficiently pleaded an excessive force claim. However, because the second amended complaint will act as a complete substitute for the amended complaint, **plaintiff <u>must replead this claim <u>and</u> the facts supporting it in the second amended complaint</u>**. **If he does not, the Court will <u>not</u> permit him to proceed on this claim**. Likewise, plaintiff must plead any equal protection claim, and/or any claim that Pierce County had a policy or custom that caused defendants' alleged use of excessive force, he wishes to assert <u>**and**</u> the facts supporting it/them in the second amended complaint.

(4)     Plaintiff must not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Indeed, plaintiff may <u>**only**</u> assert an equal protection claim and/or a claim that Pierce County had a policy or custom and that caused defendants' alleged use of excessive force, along with his excessive force claim, in the second amended complaint.

(5)     If plaintiff <u>**does not wish**</u> to file a second amended complaint, and would prefer to proceed on only his excessive force claim, he **must file a notice** with the Court so stating. This notice **must be received** within [30 DAYS]. If, by [30 DAYS], plaintiff has not filed this notice or a second amended complaint, the case <u>**shall proceed only on plaintiff's excessive force claim**</u>.

(6)     If Plaintiff fails to comply with this order, the Court will take any appropriate action, including dismissal of the case.

It is further **recommended** that the order for a second amended complaint contain this language: The Clerk is directed to send plaintiff the appropriate forms for filing a § 1983 action and copies of this order and the Magistrate Judge's report and recommendation.

It is further **recommended** that the stay in this case be **lifted**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 4th, 2022** as noted in the caption.

Dated this 14th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge