UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROILAND FERNANDEZ-MEDINA,<br><br>                        Plaintiff,<br><br>        v.<br><br>RYAN OLIVAREZ, *et al.*,<br><br>                        Defendants. | CASE NO. 3:20-cv-05703-RAJ-JRC<br><br>ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The Court allowed plaintiff's amended complaint to proceed on his excessive force claim against the individual defendants and dismissed the remaining claims and defendants. *See* Dkts. 53–54. Presently before the Court is defendants' motion to compel compliance with a third-party subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Dkt. 59. Because the requested materials – medical records of the treatment for injuries on the date of plaintiff's arrest – are relevant to this case, the motion to compel (Dkt. 59) is granted.

## BACKGROUND

In his amended complaint, Plaintiff asserts claims of unlawful arrest and excessive force arising out of his October 15, 2019, arrest pursuant to a warrant for drug trafficking. Dkt. 6. During the arrest, plaintiff's parked vehicle was struck by a police van. *Id*. at 7–8. Plaintiff exited his vehicle and fled, but police tackled him. *Id*. at 8. After police detained him, plaintiff complained of an ankle injury and was taken to St. Joseph Medical Center ("SJMC") where he was treated for a broken left ankle. Dkt. 6 at 9, 20.

In connection with plaintiff's allegations of injury, defendants are now requesting that the Court compel non-party SJMC to produce a full and complete copy of all medical records in its possession relating to the care and treatment of plaintiff for his injuries on the day of his arrest. Dkt. 59. According to defendants, their efforts to date to obtain these records through a subpoena have been fruitless due to technological difficulties on the part of SJMC's health information management department. *Id*. at 1–2.

## DISCUSSION

All civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A discovery request need not call for evidence that would be admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, the court can limit discovery for numerous reasons, including that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

These general discovery limitations apply with equal force to subpoenas to third parties. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). A court can quash or modify a subpoena that does not seek information that falls within the broad scope of permissible

discovery. *Id*. at 680. A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction. *See* Fed. R. Civ. P. 45 (d)(1). The court must balance relevance, the requesting party's need for the information, and the hardship to the subpoena's target. *Google*, 234 F.R.D. at 680.

A motion for issuance of a subpoena should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen,* 2010 WL 1948560, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa. 1991); *see also, United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman,* 139 F.R.D. at 605.

Motions to compel under Federal Rule of Civil Procedure 45 are not subject to the meet and confer requirements of Local Rule 37. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983); *Chandola v. Seattle Hous. Auth.*, C13-557 RSM, 2014 WL 4685351, at *7 (W.D. Wash. Sept. 19, 2014). Further, the responsibility to make objections to a Rule 45 subpoena duces tecum belongs to the non-party served with the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(b) ("A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection[.]"); Fed. R. Civ. P. 45(e)(2)(A) (governing non-party's objection under claim of privilege or work product doctrine); *see also McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) ("Only the nonparty can

prevent disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object.").

Here, defendants' motion seeks to compel non-party SJMC to produce a full and complete copy of all medical records in their possession relating to the care and treatment of plaintiff for injuries sustained during his arrest on October 15, 2019. Dkt. 59 at 3. Defendants state that these records are relevant, as they pertain to treatment for injuries on the date of plaintiff's arrest, for which he claims excessive force. *Id*. The Court agrees and, noting that SJMC has not made any objections to the previously-served subpoena but rather has failed to comply, grants the motion to compel.

## CONCLUSION

For the above-stated reasons, the Court GRANTS defendants' motion to compel. Dkt. 59. St. Joseph Medical Center is ORDERED to produce a full and complete copy of all medical records in their possession relating to the care and treatment of plaintiff Roiland Fernandez-Medina for his injuries sustained on October 15, 2019.

Dated this 9th day of September, 2022.

J. Richard Creatura
Chief United States Magistrate Judge